**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PERCY JACINTO-SANCHEZ,**

    **Petitioner,**

**v.**                                                  **Case No. 8:11-cv-2781-T-30MAP**
                                                          (Criminal Case No.: 8:07-CR-439-T-30MAP)

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____

## ORDER

THIS CAUSE comes before the Court upon the Amended Petition of Percy Jacinto-Sanchez (Dkt. #7) for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, the Government's response (Dkt. #14), and Petitioner's reply (Dkt. #15). Having reviewed the pleadings of the parties, the record, and the relevant case law, the Court concludes that the petition is due to be denied because it lacks merit.

Jacinto-Sanchez captained a refueling vessel which refueled several go-fast boats delivering cocaine to Mexico for later smuggling into the United States. He was charged, along with six others, in Count One with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States; in Counts Two and Three with separate incidents of aiding and abetting to possess with intent to distribute five kilograms or more of cocaine; and in Count Four with conspiracy to distribute and import five kilograms or more of cocaine into the United States.

He pled guilty to all four counts and was sentenced on February 17, 2011, to 150 months imprisonment followed by 60 months of supervised release.

Jacinto-Sanchez filed a Notice of Appeal on February 23, 2011, but subsequently dismissed the appeal with prejudice on March 23, 2011. The Eleventh Circuit dismissed the appeal with prejudice on May 5, 2011.

On December 16, 2011, Jacinto-Sanchez filed his first petition for writ of habeas corpus. That petition was dismissed without prejudice on December 20, 2011, with instructions for Jacinto-Sanchez to file an amended petition within twenty days. When he failed to do so, the Court dismissed the pending § 2255 motion for failure to prosecute. On February 16, 2012, Jacinto-Sanchez moved to reopen his case and to file an amended petition. The Court granted his motion on February 23, 2012, and directed the Clerk to accept the amended § 2255 petition. The petition is timely.

Jacinto-Sanchez raises four grounds of ineffective of counsel:

**Ground One:** Counsel failed to investigate the law applicable to the case and the United States Sentencing Guidelines.

**Ground Two:** Counsel failed at sentencing to move for a downward variance based on mitigating factors such as the fact that Jacinto-Sanchez is ineligible for the residential drug treatment program, and the benefits of home confinement or half-way house.

**Ground Three:** Counsel failed to object at sentencing because Petitioner was sentenced to a different quantity than specified in the Indictment.

**Ground Four:** Counsel failed to request the Court at sentencing to immediately deport Jacinto-Sanchez.

# STANDARD OF REVIEW

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## DISCUSSION

**Ground One:** Counsel failed to investigate the law applicable to the case and the United States Sentencing Guidelines.

Jacinto-Sanchez does not identify any particular issue counsel failed to investigate or how he was prejudiced. Vague, conclusory allegations of ineffective assistance of counsel are insufficient to satisfy the *Strickland* test. *Tejeda v. Dugger*, 941 F. 2d 1551, 1559 (11th Cir. 1991). Therefore, ground one lacks merit and must be denied.

**Ground Two:** Counsel failed at sentencing to move for a downward variance based on mitigating factors such as the fact that Jacinto-Sanchez is ineligible for the residential drug treatment program, and the benefits of home confinement or half-way house.

In support of ground two, Jacinto-Sanchez argues that his counsel was ineffective for failing to argue at sentencing for a downward variance because Jacinto-Sanchez was an alien who was ineligible for certain beneficial programs in prison such as the residential drug treatment program which would take time off of his sentence if successfully completed, and home confinement or confinement at a halfway house for the last portion of his sentence. In the Eleventh Circuit, an alien is not entitled to a downward variance because of his different

treatment on the basis of his lack of citizenship. The Eleventh Circuit has adopted the rationale of the Second Circuit stated in *United States v. Restrepo*, 999 F. 2d 640 (2d Cir. 1993) that the unavailability of preferred conditions of confinement, the possibility of additional period of detention pending deportation following completion of the sentence, and separation from family are "consequences of a defendant's alienage that did not warrant a departure." *United States v. Veloza*, 83 F. 3d 380, 382 (11th Cir. 1996), *overruled on other grounds*, *United States v. Campbell*, 181 F. 3d 1263 (11th Cir. 1999). Therefore, ground two fails.

**Ground Three:** Counsel failed to object at sentencing because Petitioner was sentenced to a different quantity than specified in the Indictment.

In ground three, Jacinto-Sanchez argues that the Indictment only mentioned him being charged with five kilograms or more of cocaine, but he was sentenced based on a larger quantity. He contends his lawyer was ineffective for failing to object to his sentence being based on a larger quantity. Jacinto-Sanchez was charged with conspiracy. The presentence report calculated the quantity of cocaine for which Jacinto-Sanchez was held accountable. Jacinto-Sanchez admitted that quantity at the sentencing hearing. *See Sentencing Transcript*, Dkt. #42, in criminal case 8:07-cr-439-T-30MAP, p. 3, line 24.

That quantity scored Jacinto-Sanchez with a resulting offense level, after reduction for acceptance of responsibility, of 33, criminal history category one, calling for imprisonment of 135 to 168 months. In arguing for a sentence of 150 months, defense counsel explained Jacinto-Sanchez's participation:

THE COURT: You may have a seat. Anything further from the defense?

MR. DOHERTY: Yes, Judge. I don't - - I haven't done this in the past, but I would ask the Court for a specific sentence in this case. The sentence would be 150 months. I would ask the Court for 150-month sentence because I think that's a reasonable sentence under the circumstances, and here's how I arrive at that, Judge. It is what it is.

I arrived at it by looking back at all the cases that I have seen of people who were charged with being mariners on board ships that had interdicted, that were in the course of bringing cocaine into the United States. Seems like typically the mariners would get about 135 months over the past several years. At any rate, because Mr. Jacinto-Sanchez is a captain of this boat, I think it would be reasonable to adjust that upward by 15 months and give him a 150-month sentence.

I would point out what Mr. Jacinto-Sanchez alluded to and that is that although he was part and parcel of a drug importation group, he didn't have any drugs on board his ship. He wasn't importing narcotics. He personally wasn't importing narcotics into the United States. He was essentially facilitating in other people importing narcotics into the United States.

Probably the best characterization of what Mr. Jacinto-Sanchez was doing, what his role was, was made by Mr. Murray the first day I got into this case. He told me that essentially Mr. Jacinto-Sanchez operated a convenience store for drug importers in that he was available to refuel their boats if they needed fuel, and I guess to give them food if they needed food as well.

For months I thought that there was one incident in which he attempted to do that and agreed to do that and that he never actually did do that. But at the debriefing I realized that's not necessarily the case, that there were other incidents as well.

Mr. Jacinto-Sanchez spoke to agent Wilson within the past week or so and outlined what his role was in the offense. But it still remains, when you clear away all the clouds and everything, it still remains that he was kind of a facilitator as opposed to an actual importer of cocaine himself. He was more or less facilitating the importation of cocaine.

In my mind, Judge, his role in this case is kind of similar to those people in the old days who used to sell massive amounts of sugar to people they knew were making moonshine illegally. When do you that, after even a little brief period of time, you realize these people you're selling to are not up to any good. You know they're committing a crime. To continue to do so makes you part of that crime. But in my mind, Judge, it makes you a less significant player in that crime that if you were actually making the moonshine yourself.

So when I look at Mr. Jacinto-Sanchez, he definitely has a role in this case. He definitely committed the crime. He realized early on, if not immediately, that these people were involved in criminal conduct, and he agreed to facilitate that criminal conduct by going out there at sea with a large amount of gasoline to refuel their boats if necessary.

Sentencing Transcript, Dkt. #242, p. 5, line 10 - p. 7, line 20.

The Government conceded that a 150 month sentence would be fair since a co-defendant in the same case with similar responsibilities was given the same sentence:

> THE COURT: What says the Government?
>
> MR. MURRAY: Judge, I agree a guideline sentence would be reasonable, and 150 months, I think, would be a good sentence. That Your Honor sentenced a co-defendant to that sentence, Jose Freddy Medina-Valencia, who is a facilitator, I think giving him the same sentence would be the right thing to do.

Sentencing Transcript, Dkt. #242, p. 9, lines 6 -12.

Since Jacinto-Sanchez admitted at sentencing the drug quantity for which he was held responsible and upon which his guideline sentence was based, ground three has no merit and must be denied.

**Ground Four:** Counsel failed to request the Court at sentencing to immediately deport Jacinto-Sanchez.

In ground four, Jacinto-Sanchez contends that his counsel was ineffective for failing to argue at sentencing that Jacinto-Sanchez should be deported immediately rather than sent to prison. This ground fails because this Court had no jurisdiction over the deportation of Jacinto-Sanchez. That is an immigration matter and immigration judges alone have authority to determine whether to deport an alien. *United States v. Romeo*, 122 F. 3d 941 (11th Cir. 1997).

Since this Court did not have jurisdiction to order the immediate deportation of the Defendant, counsel could not be ineffective for failing to make that argument. Therefore, this ground fails.

## CONCLUSION

The Court having determined that each of the four grounds fails on the merits, the petition must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The Amended Petition for writ of habeas corpus (Dkt. #7) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on October 29, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2011\11-cv-2781.deny 2255.wpd